IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GERALD GLASNER, | ) | |
| | ) | |
| Plaintiff, | ) | No.: |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| LINCOLN NATIONAL LIFE INSURANCE | ) | Magistrate: |
| COMPANY GROUP INSURANCE POLICY | ) | |
| NO. 000010158685 | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## ORIGINAL COMPLAINT

Comes the Plaintiff, by and through counsel, and for his complaint states as follows:

### JURSIDICTION

1. This action arises under the Employee Retirement Income Security Act of 1974 29 U.S.C.A. §§ 1001 et. seq. (ERISA) and more particularly §502(a)(1)(B) of said Act 29 U.S.C.A. §1132(a)(1)(B). The court has jurisdiction of this matter under 29 U.S.C.A. §1132(e).

### PARTIES

2. Plaintiff is currently residing in Estill Springs, County of Franklin, State of TN, and is a qualified participant in Lincoln National Life Insurance Company Group Insurance Policy No. 000010158685, an employee welfare plan within the meaning of 29 U.S.C.A. § 1002(7) of ERISA.

3. Defendant Lincoln National Life Insurance Company Group Insurance Policy No. 000010158685, hereinafter "the Plan", is a qualified employees welfare plan under Section 401 of the Internal Revenue Code of 1954, as amended, and an employee welfare plan within the meaning of 29 U.S.C.A. §§ 1002(2)(A) and 1002(35) and was adopted on May 01, 2012. Defendant Plan may be served with process at its principal place of business: 8801 Indian Hills Drive, Omaha, NE 68114-4066.

## FACTS

4. Prior to his last day of work, Plaintiff had been employed by various federal contractors at the Arnold Engineering Development Complex for over thirty-five years.

5. Prior to his last day of work, Plaintiff had been continuously employed by Protection Strategies Inc. and covered by the Plan since its effective date of May 01, 2012.

6. Plaintiff has been continuously employed under the Plan from its adoption date until his employment was terminated on July 11, 2017.

7. Plaintiff applied for and was approved for short term disability benefits beginning on or about April 15, 2017.

8. Plaintiff's short term disability benefits terminated on June 01, 2017.

9. Plaintiff, through his employer PSI, applied for additional short-term disability benefits, due to total disability, on or about May 01, 2017.

10. Plaintiff was denied benefits by letter dated June 24, 2017.

11. Plaintiff timely filed an administrative appeal on September 21, 2017.

12. Plaintiff's first appeal was denied by letter dated November 08, 2017.

13. Plaintiff timely filed a second administrative appeal on or about December 10, 2017.

14. Plaintiff's second administrative appeal was denied by letter dated February 28, 2018.

15. Plaintiff was unable to apply for the long-term disability benefits he was entitled to under his agreement with the employer because Defendant did not allow him to exhaust his short-term disability benefits.

16. Plaintiff filed a complaint with the State of Tennessee Department of Commerce and Insurance, that was dismissed by letter dated November 20, 2019.

17. Plaintiff's letter from the Department of Insurance finds that he has exhausted his administrative remedies and can pursue litigation until June 01, 2022. Therefore, this lawsuit is timely.

18. Lincoln National Life Insurance Company is both the insurance carrier and the Plan administrator for the Plan that is the subject of this lawsuit.

19. Benefits due are vested under the Plan and Plaintiff has complied with all conditions in order to receive such short-term disability benefits.

20. Defendants failed to consider evidence offered by Plaintiff establishing disability and failed to consider evidence from an impartial physical examination of Plaintiff on the appeal of a denial of benefits.

21. Defendants failed to provide Plaintiff with the opportunity for a full and fair review of his claim in violation of 29 U.S.C.A. §1133.

22. The above-mentioned decision of the Plan administrator denying Plaintiff benefits due under the terms of the Plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

23. As the direct and proximate result of the actions of Defendant Plan and its administrator, Plaintiff has been caused to incur attorneys' fees in an amount currently not known to Plaintiff.

24. As the direct and proximate result of Defendant's actions, Plaintiff has lost benefits in the amount of $141,482.00, less the amount of SSDI benefits received, in addition to attorney fees in an amount yet to be determined.

WHEREFORE, Plaintiff requests relief against Defendant Plan as follows:

25. An order for Defendant Plan to pay to Plaintiff all short term disability benefits accrued and unpaid to the date of this judgment;

26. An order for Defendant Plan to pay to Plaintiff all long term disability / IDP benefits to which he would have been entitled but-for Defendant's failure to approve his short-term disability benefits; and

27. That Plaintiff be awarded attorneys' fees and costs of this action and such other and further relief as the Court may deem proper.

Dated this 31st day of March, 2021.

Respectfully Submitted,

<u>s/Joyce Cooper</u>
Joyce Cooper (TN BAR #30855)
Agee Owens & Cooper
110 N. Spring St.
McMinnville, TN 37110
(931) 507-1000
*jcooper@ageeowenslaw.com*