| | |
|---|---|
| **GERALD GLASNER,** | ) |
| | ) CIVIL ACTION NO.  4:21-cv-00014-KAC-SKL |
| Plaintiff, | ) |
| | ) |
| v. | ) District Judge Katherine A. Crytzer |
| | ) |
| **LINCOLN NATIONAL LIFE** | ) |
| **INSURANCE COMPANY** | **)** Chief Magistrate Judge Susan K. Lee |
| **GROUP INSURANCE POLICY** | **)** |
| **NO. 000010158685,** | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Gerald Glasner ("Plaintiff"), and states as follows:

## JURISDICTION

1. Lincoln admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") under the jurisdiction of this Court under 28 U.S.C. § 1331.  Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.  Lincoln admits Plaintiff was, at certain times, employed by Protection Strategies Incorporated ("PSI") and was, at certain times, a participant in

---

[1] Incorrectly named in the Complaint as "Lincoln National Life Insurance Company Group Insurance Policy No. 000010158685" and shown on the Court's Docket as "Licoln National Life Insurance Company Group Insurance."  There is no such entity as "Lincoln National Life Insurance Company Group Insurance Policy No. 000010158685" or "Licoln National Life Insurance Company Group Insurance."

the Protection Strategies Incorporated Short Term Disability Plan ("the STD Plan") and the Protection Strategies Incorporated Long Term Disability Plan ("the LTD Plan") sponsored by PSI to provide certain benefits to its participating, eligible employees. Lincoln admits it issued Group Disability Income Policy No. 000010158685 (the "LTD Policy") to PSI, which LTD Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits it issued Group Disability Income Policy No. 000010158686 (the "STD Policy") to PSI, which STD Policy, at certain times, insured benefits paid by the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that the STD Plan and the LTD Plan are employee welfare benefit plans as defined under ERISA and that Lincoln was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## FACTS

4. Lincoln is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of the Complaint, and accordingly, denies these allegations.

5. Lincoln admits Plaintiff was, at certain times, employed PSI and was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits Plaintiff was, at certain times, employed by PSI with a date of hire on or about December 1, 2015, and last day worked on or about March 31, 2017. Lincoln further admits Plaintiff was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln admits it sent a letter to Plaintiff dated May 12, 2017, but

Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln admits it sent a letter to Plaintiff dated July 24, 2017, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff submitted a claim for additional benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it sent letters to Plaintiff dated June 27, 2017, and July 24, 2017, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it received a first level appeal of the denial of Plaintiff's claim for further benefits from the STD Plan, which appeal is contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits it sent a letter to Plaintiff dated November 8, 2017, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it received a second level appeal of the denial of Plaintiff's claim for further benefits from the STD Plan, which appeal is contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, and Lincoln

refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits it sent a letter to Plaintiff dated February 28, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits Plaintiff has not submitted a claim for benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits certain documents concerning Plaintiff's complaint with the State of Tennessee Department of Commerce and Insurance are contained in the claim file regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits certain documents concerning Plaintiff's complaint with the State of Tennessee Department of Commerce and Insurance are contained in the claim file regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the STD Plan under the STD Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

-4-

18.  Lincoln admits it issued the STD Policy to PSI, which STD Policy, at certain times, insured benefits paid by the STD Plan.  Lincoln admits it was, at certain times, the claims administrator of the STD Plan for claims under the STD Policy, but Lincoln specifically denies it was the plan administrator of the STD Plan.  Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.  Lincoln denies all allegations contained in Paragraph 19 of the Complaint.

20.  Lincoln denies all allegations contained in Paragraph 20 of the Complaint.

21.  Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.  Lincoln admits only that its decisions on Plaintiff's claim for benefits from the STD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the STD Plan under the STD Policy and that such decisions are governed by the terms of the STD Policy.  Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.  Lincoln admits that by this action, Plaintiff is seeking recovery of attorney's fees, but Lincoln denies that Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.  Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the STD Plan under the STD Policy and from the LTD Plan under the LTD Policy, along with recovery of attorney's fees, but Lincoln denies that Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.  Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint, including Paragraphs 25-27 thereunder.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the STD Plan under the STD Policy was an abuse of discretion because the STD Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the STD Policy and the LTD Policy and the documents governing the STD and LTD Plans, which require offset and/or repayment of any award of other earnings or benefits, including any disability ore retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process regarding Plaintiff's claim for benefits from the STD Plan.

5.      Plaintiff has failed to meet conditions precedent to bringing a claim for recovery of benefits from the LTD Plan under the LTD Policy in that Plaintiff has failed to submit a claim for such benefits and has failed to exhaust administrative remedies in connection with any claim for recovery of such benefits.

6.      Plaintiff fails to state a claim against "Lincoln National Life Insurance Company Group Insurance Policy No. 000010158685" as there is no entity with that name.

-6-

7.     Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8.     Lincoln reserves the right to assert additional defenses.

## **PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 27th day of April 2021.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Pending)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27th day of April 2021, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed via the Court's CM/ECF electronic filing system, which served the following counsel of record via electronic notification:

Joyce Cooper, Esq.
Email:  jcooper@ageeowenslaw.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers

-7-